**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRISTHOPER YOGEN MERA BARRE, | Civil Action No. 26-8751 (SDW) |
| Petitioner, | |
| v. | OPINION |
| TODD BLANCHE, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Cristhoper Yogen Mera Barre, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Ecuador and entered the United States in 2023.  (*Id.* ¶ 34). Border Patrol encountered Petitioner on September 22, 2023.  (ECF No. 5-1 at 3).  Petitioner alleged he had a credible fear of persecution and was referred for expedited removal.  (*Id.*)

3.      An asylum officer concluded the Petitioner had established a credible fear of persecution.  (*Id.*).  Petitioner was released on parole.  (*Id.*)

4.      ICE detained Petitioner on July 10, 2026 in Newark.  (ECF No. 1 ¶ 1).

5.      ICE issued a Notice to Appear alleging Petitioner was a noncitizen who was present in the United States without authorization.  (ECF No. 5-3 at 2).

6.      The Petition followed on July 15, 2026.  (ECF No. 1).

7.      Respondents filed an answer on July 20, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he is a noncitizen who "was (i) apprehended

at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim." (ECF No. 5 at 2). "Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)." *Id.*

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226.

11. The July 10, 2026 Notice to Appear allege that Petitioner is a noncitizen who is "*present* without admission or parole." (ECF No. 5-3 at 2 (emphasis added)). "That language aligns with § 1226(a), not § 1225(b)(1)." *Dabre v. Soto*, No. 26-cv-2142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

12.     Respondents have produced no evidence that Petitioner's "parole" was issued pursuant 8 U.S.C. § 1182(d)(5)(A); the July 10, 2026 I-213 form only states that petitioner was released "[d]ue to EER guidelines … ."[1]  (ECF No. 5-1 at 3).

13.     This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for ... detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

14.     Therefore, this Court will grant the Petition and order Petitioner's release.[2]

15.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: August 5, 2026

---

[1] It is not clear to this Court what this acronym means.

[2] This Court is also in receipt of Petitioner's letter asserting that he requires surgery for a ureteral stone.  (ECF No. 8).  Petitioner's medical needs further warrant release.